UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PENSACOLA STEVEDORE CO., INC. AND WILLIAM MATTHEW PATE * <br><br> * <br><br> VERSUS <br> * <br><br> BP EXPLORATION & PRODUCTION INC., * <br> BP AMERICA PRODUCTION COMPANY, <br> PETER J. SNYDER, THE LAW OFFICES * <br> OF PETER J. SNYDER, P.A., HENRY <br> SIENEMA AKA HENDRIK SIENEMA, * <br> CRAIG SIENEMA, CLAIMS STRATEGIES <br> GROUP, LLC DBA CLAIM STRATEGIES, * <br> CASE STRATEGIES GROUP, LLC, IT <br> STRATEGIES GROUP, INC. * | CIVIL ACTION NO. _____ <br><br> SECTION _____ <br><br><br> JUDGE _____ <br><br> MAGISTRATE _____ |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Pensacola Stevedore Co., Inc. ("Pensacola Stevedore") and William Matthew Pate (collectively with Pensacola Stevedore, "Plaintiffs"), principal for Pensacola Stevedore with respect to the claims herein, who bring this action for enforcement of an award to Plaintiffs by the Deepwater Horizon Economic and Property Damages Settlement Program ("Settlement Program") and/or enforcement of a settlement contract between Plaintiffs and Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP"), and, additionally and/or alternatively, for legal malpractice against Defendants Peter J. Snyder and the Law Offices of Peter J. Snyder, P.A. (together, "Snyder") and breach of contract, negligence, and breach of fiduciary duty against Defendants Claims Strategies Group, LLC dba Claim Strategies, Case Strategies Group, LLC, IT

Strategies Group, Inc. (collectively, "CSG"), and employees or owners thereof, and, in support, aver as follows:

## PARTIES

1.

The parties to this lawsuit are as follows:

- a. Plaintiff Pensacola Stevedore, a Florida corporation with its principal place of business in Florida;

- b. Plaintiff William Matthew Pate, an individual of the full age of majority and a citizen of Florida;

- c. Defendant BP Exploration & Production Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois;

- d. Defendant BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas;

- e. Defendant Peter J. Snyder, P.A., a Florida law firm with its principal place of business in Florida;

- f. Defendant Peter J. Snyder, a person of the full age of majority and attorney, believed to be licensed in Florida, with his principal place of business and domicile in Florida;

- g. Defendant Claims Strategies Group, LLC, a Florida limited liability company with its principal place of business in Florida;

- h. Defendant Henry Sienema aka Hendrik Sienema, a person of the full age of majority, domiciled in Florida;

      i.      Defendant Craig Sienema, a person of the full age of majority, domiciled in Florida; and,

      j.      Defendant IT Strategies Group, Inc., a Florida corporation domiciled in Florida.

## JURISDICTION AND VENUE

2.

Plaintiffs bring this civil action as a related action in the matter entitled *In Re: Oil Spill by the Oil Rig, "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179.

3.

Pursuant to the Economic and Property Damages Settlement Agreement ("Settlement Agreement") and the Order and Judgment approving same in MDL No. 2179, this Court retains ongoing and exclusive jurisdiction over, as well as authority to supervise, the Settlement Program.

4.

This Court has personal jurisdiction over BP for the reasons provided above regarding subject matter jurisdiction and because BP is registered to do and does business in Louisiana and has a registered agent in Louisiana. This Court also has personal jurisdiction over each of the remaining defendants for the same reasons provided above regarding subject matter jurisdiction. As this Court has concluded, "[w]hen each party voluntarily involved themselves in the BP litigation, whether it be through representing a client with a claim against BP or by providing accounting services for claims made to the Settlement program over which the Court maintains ongoing and exclusive jurisdiction—they submitted themselves to the personal jurisdiction of the Court." *See* MDL No. 2179, Rec. Doc. No. 12794 at fn. 10. Here, defendants Snyder, CSG, Henry Sienema, and Craig Sienema voluntarily involved themselves in the BP litigation by, among other things, representing Plaintiffs in their claims against BP.

5.

Further, Plaintiff adopts as if copied herein all allegations of jurisdiction and venue set forth in the Master Complaint for MDL No. 2179, including those in any pleadings supplementing or amending the Master Complaint.

**FACTS**

6.

Pensacola Stevedore operates as a stevedoring company, with operations in the Gulf Coast.

7.

As a result of the 2010 Deepwater Horizon oil spill disaster, which released millions of barrels of crude oil into the Gulf of Mexico, shipping traffic slowed, and Pensacola Stevedore suffered business loss, as stevedoring operations were less in demand than before the oil spill. Pensacola Stevedore and its principal, William Matthew Pate, therefore recognized that they had a substantial claim for damages arising out of the Deepwater Horizon oil spill. Plaintiffs thereafter retained CSG and Henry and Craig Sienema to advise them with regard to their claim against BP related to the oil spill, to prepare the claim, and to submit the claim. Pensacola Stevedore placed its trust in CSG, Henry Sienema, and Craig Sienema to handle its BP Deepwater Horizon claim.

8.

Following years of litigation, on May 2, 2012, the Court preliminarily approved (Rec. Doc. 6418) the Deepwater Horizon Economic and Property Damages Settlement ("Economic Settlement," Rec. Doc. 6430), thus making millions of dollars available to victims of the Deepwater Horizon oil spill disaster.

9.

Soon thereafter, on October 30, 2012, Henry Sienema emailed Pensacola Stevedore and asked it to complete an opt-out form for each of its claims, and to opt out of the Economic Settlement Class. Sienema advised Pensacola Stevedore as follows:

> I have been working on your files. I think the claims will look good but, I am concerned that the financial documentation and type of claim will give us some problems. The P & L reports do not exactly balance with the tax returns and owner's compensation is not detailed specifically in all cases. The new settlement people are very particular about documents and I would hate to see your claims get caught in a web for problems with documents. . . . I believe the claims will qualify as business economic losses but, because of the implications of the access issues brought about by the closures ordered by government, there could also be a defense raised that suggests the loss is not the result of the oil spill but rather the result of closures ordered by government (the moratoria defense).
>
> **I am reluctantly recommending you opt out for now so we don't prejudice the right of claim. I say reluctantly because I believe most people will be okay under the settlement guidelines and very few are opting out. I just think if there is any risk, we should be safe. My guess, incidentally, on the Stevedore file is that your claim may be in the range of $650,000 to $700,000.** . . .
>
> **I am attaching an opt out form. Please complete one for each claim and send them in directly to the address indicated** and send a copy to me for our files. Shortly, we will have our accounting team assess what other information we may still need and what the final claim recommendations will be. It may be that the claims will be acceptable and **we may always petition BP to have the claims included under the settlement later**. The problem is we cannot go the other way; **if we don't opt out, you are in, good or bad**.

10.

On the advice of CSG and Henry and Craig Sienema, Plaintiffs submitted their opt-out paperwork before the Court-ordered deadline for opt outs.

11.

Thereafter, on December 21, 2012, the Court entered Final Approval of the Settlement Agreement, and on January 10, 2014, the Fifth Circuit Court of Appeals affirmed the District Court's Final Approval of the Settlement Agreement.

12.

Plaintiffs continued to trust CSG and Henry and Craig Sienema to advise them and submit their BP economic damages claim.  On June 2, 2015, Andrea Laham at IT Strategies Group, a company affiliated with and believed to be a single business enterprise with CSG, emailed Pensacola Stevedore requesting that it provide information to allow submission of a BP claim.  In that email, Laham stated, "Per your discussion with Henry Sienema regarding your claim, kindly fill out and sign all the attached documents and return to me immediately. BP is shutting down the claims registration process this week."  The attached documents consisted of Peter J. Snyder, P.A.'s "Contingent Fee Retainer Agreement for Class Action Settlement Claims"; a Form-4506 and 4506-T, "Request for Transcript of Tax Return"; a W-9; and a Power of Attorney that would allow Snyder to sign the registration form and claim form on Plaintiffs' behalf.  The Power of Attorney specifically stated that "[a]n **attorney** may sign online or on a hard copy for the claimant" and "**the attorney(s)** at the law firm identified in Section B are authorized to pursue on my behalf any claims arising out of the Deepwater Horizon incident and to **execute on my behalf any Registration Form and/or Claim Form** that must be submitted on my behalf under penalty of perjury in support of a claim and I understand that the Claims Administrator will treat such signature as my signature."  Through the signing of these documents, Plaintiffs retained Peter Snyder, P.A., and Peter Snyder to represent them in prosecuting their BP claim.

13.

The following day, June 3, 2015, following the advice of CSG and Henry and Craig Sienema, Plaintiffs emailed the signed documents back to Andrea Laham at IT Strategies Group per her email's instructions. On June 4, 2015 at 9:54:23 A.M., an individual on behalf of CSG registered Pensacola Stevedore for the system. CSG submitted Pensacola Stevedore's claim that same day. The claim application erroneously stated that Pensacola Stevedore had not opted out of the Economic Settlement. Plaintiffs did not complete the registration or claim and were not present when the registration or claim was completed. Plaintiffs also were not consulted regarding the registration or claim's accuracy before either was submitted. Plaintiffs relied on CSG and Henry and Craig Sienema as well as Snyder to advise them of the necessary actions to take to prosecute their BP claim.

14.

Plaintiffs relied on the steps CSG and Henry and Craig Sienema, as well as Snyder, told them to take to submit their claim with the Settlement Program. At no point did CSG or Henry or Craig Sienema or Snyder advise Pensacola Stevedore or William Matthew Pate that either needed to file a lawsuit against BP to preserve their rights, in light of their earlier advice to opt out of the Economic Settlement Class.

15.

On October 22, 2015 Pensacola Stevedore's claim was accepted in the Deepwater Horizon claims system and was thereafter placed in review. Pensacola Stevedore was assigned Claimant Number 100326569.

16.

On March 29, 2016, this Court issued Pretrial Order No. 60 ("PTO 60"), which required plaintiffs with unreleased B1 claims (Non-Governmental Economic Loss and Property Damages claims by Private Individuals and Businesses) who had not previously filed an individual lawsuit to file an individual lawsuit and a sworn statement by May 2, 2016. (Rec. Doc. 16050). Pensacola Stevedore's claim was an unreleased B1 claim. Paragraph 11 of PTO 60 required counsel for BP to "mail this Order to all plaintiffs who opted out of Economic and Property Damages Settlement, signed their opt-out forms and did not indicate in that form that the plaintiff was represented by counsel, as identified in the list to be provided to the Court." It also required the Plaintiffs' Steering Committee, to the extent practicable, to email a copy of this Order to all known counsel of record for Plaintiffs who joined in the Amended B1 Master Complaint, and/or opted out of the Economic and Property Damages Settlement and may therefore be subject to this Order."

17.

On April 4 and April 12, 2016, Plaintiffs forwarded to Henry Sienema the scanned copies of PTO 60 that Claimant had received in the mail. On April 12, 2016, Sienema responded via email and stated, "Thank you. **These Orders do not pertain to your claim** in the DHECC settlement." (emphasis added). At no point did CSG or Craig and Henry Sienema or Snyder advise either Plaintiff that Pensacola Stevedore should have revoked its opt-out with respect to the Economic Settlement Class. At no point did CSG or Craig or Henry Sienema or Snyder advise that Pensacola Stevedore needed to file a lawsuit to preserve its right to submit its BP claim, or that PTO 60 applied to Pensacola Stevedore's claim.

8

18.

Meanwhile, Pensacola Stevedore's claim proceeded in the claims process. Ultimately, the Claims Administrator for the Settlement Program issued an eligibility notice indicating that Pensacola Stevedore was entitled to an award for its claim. BP appealed that award. Subsequently, the Claims Administrator issued a "Post-Appeal Eligibility Notice" on April 2, 2018, awarding Pensacola Stevedore $1,392,000.00.

19.

The April 2, 2018 "Post-Appeal Eligibility Notice" advised Plaintiffs: "Because you have not received a Payment from the Settlement Program you must complete, sign and return the attached Full and Final Release, Settlement, and Covenant Not to Sue ('Release') in order to receive payment." In accordance with such instruction, Plaintiff executed a document entitled "Full and Final Release, Settlement, and Covenant Not to Sue" attached by the Claims Administrator to the "Post-Appeal Eligibility Notice" and submitted same to the Deepwater Horizon Claims Center.

20.

This Court declined BP's request for a discretionary review of the $1,392,000.00 award. BP then appealed such decision to the United States Fifth Circuit Court of Appeals.

21.

During the pendency of BP's appeal before the Fifth Circuit, BP offered to settle Plaintiffs' Claim for $1,183.000.00 and to dismiss its appeal should Plaintiffs agree to the offer. Counsel for BP confirmed such offer in writing on August 20, 2018 by an email which counsel for BP signed on behalf of BP and with BP's authority. Defendant Peter Snyder, acting as agent and attorney for

Plaintiffs, accepted such offer in writing by a return email that he signed on behalf of Plaintiffs and with Plaintiffs' authority on August 22, 2018.

22.

After Plaintiffs, through their agent and/or attorney, accepted BP's offer to resolve their claim for $1,183,000.00, the Claims Administrator for the Settlement Program issued a new "Post-Appeal Eligibility Notice" on August 27, 2018, awarding Pensacola Stevedore $1,183,000.00, in accordance with the agreement between BP and Plaintiffs.  The new "Post-Appeal Eligibility Notice" advised Plaintiffs: "Because you previously signed a Full and Final Release, Settlement, and Covenant Not to Sue and have received payment from the Settlement Program, you do not need to submit another Release to receive a payment on this claim."

23.

Before payment was issued, the Claims Administrator notified Plaintiffs on January 10, 2019 that, because it they opted out of the Economic Settlement Class, their claim was closed, with no payment issued:

> This Notice is an official communication from the Claims Administrator for the Deepwater Horizon Economic and Property Damages Settlement Program ("Settlement Program"). We received the Claim Form(s) you submitted in the Settlement Program. We cannot process any claim(s) from you because the information we have indicates that you opted out of the Economic Class and have not revoked that Opt Out. As a result, we have closed your claim(s). You cannot resubmit any closed claims to the Settlement Program because the deadline to file Claim Forms expired on June 8, 2015. We cannot accept any new Claim Forms after that deadline.

24.

Plaintiffs received nothing on their BP Deepwater Horizon claim.  This January 10, 2019 notice was the first notice to Plaintiffs that the defendants had failed property to handle their BP claim, and because the claim was closed, no appeals were allowed.

10

25.

Despite the January 10, 2019 notice, Transocean paid a portion of Plaintiffs' claim award amount to defendant Snyder; and Snyder has failed to remit any amount of such payment to Plaintiffs.

### COUNT ONE:  ENFORCEMENT OF SETTLEMENT PROGRAM AWARD AND/OR BREACH OF SETTLEMENT CONTRACT BY BP

26.

Plaintiffs incorporate by reference Paragraphs 1 through 25, as if fully set forth herein.

27.

Plaintiffs' economic damage claim was accepted and processed by the Claims Administrator for the Settlement Program and the Settlement Program.  Accordingly, Plaintiffs' claim was governed by, and Plaintiff was entitled to all benefits of, the Settlement Agreement.

28.

In accordance with Section 6.6 of the Settlement Agreement, the award of $1,392,000.00 became final once the "Post-Appeal Eligibility Notice" was issued on April 2, 2018.

29.

Because neither this Court nor the Fifth Circuit has disturbed the award of $1,392,000.00, Plaintiffs are entitled to enforcement and payment of such award through the Settlement Program.

30.

Additionally, and/or alternatively, Plaintiffs and BP, through their attorneys and/or agents, entered into a valid and enforceable settlement contract in which they agreed to resolve Plaintiffs' economic damage claim against BP for a total amount of $1,183,000.00.  Plaintiffs agreed to this amount in reliance upon the fact that this agreed upon amount would fully resolve their claim.

31.

BP breached the terms of the settlement contract it entered into with Plaintiffs by failing to pay Plaintiffs the agreed upon amount of $1,183,000.00 and, in doing so, has harmed Plaintiffs. Accordingly, Plaintiffs are entitled to enforcement and specific performance of their settlement agreement with BP.

**COUNT TWO:  LEGAL MALPRACTICE AGAINST SNYDER**

32.

Plaintiffs incorporate by reference Paragraphs 1 through 30, as if fully set forth herein.

33.

Snyder was the attorney for Plaintiffs, hired to prosecute their BP Deepwater Horizon Claim.

34.

As such, Snyder owed to Plaintiffs a fiduciary duty to act in Plaintiffs' best interests.

35.

Snyder breached this fiduciary duty by failing to file a lawsuit on behalf of Pensacola Stevedore, failing to advise Plaintiffs to revoke their opt-out with respect to the Economic Settlement Class, retaining an withholding from Plaintiffs money paid by Transocean to Snyder for Plaintiffs with respect to their economic damage claim, and otherwise failing to protect Plaintiffs' valuable rights on their BP Deepwater Horizon claim.

36.

Plaintiffs have been damaged by Snyder's breach, and as a result of it has lost their BP Deepwater Horizon claim valued at more than $1,000,000.

## COUNT THREE: BREACH OF CONTRACT AGAINST
## CSG, CRAIG SIENEMA, AND HENRY SIENEMA

37.

Plaintiffs incoporate by reference Paragraphs 1 through 36, as if fully set forth herein.

38.

Plaintiffs entered into a contract with CSG, through Craig and Henry Sienema, whereby they agreed to advise on and handle Plaintiffs' BP Deepwater Horizon claim.

39.

CSG, Craig Sienema, and Henry Sienema breached this contract by, among other things, recommending that Pensacola Stevedore opt out of the Economic Settlement Class, submitting a claim on Pensacola Stevedore's behalf while identifying that it had *not* opted out of the Economic Settlement Class, failing to advise Plaintiffs to revoke Pensacola Stevedore's opt-out with respect to the Economic Settlement Class, advising Plaintiffs that the Court's notice providing an opportunity to revoke Pensacola Stevedore's opt-out to the Economic Class did not apply to Pensacola Stevedore, failing to advise Plaintiffs that they needed to file suit to preserve their BP claim, and otherwise failing to safeguard and preserve Plaintiffs' valuable BP Deepwater Horizon Claim.

40.

Plaintiffs have been damaged by CSG and Henry and Craig Sienema's breach, and as a result of it have lost their BP Deepwater Horizon claim valued at more than $1,000,000.

## COUNT FOUR: NEGLIGENCE AGAINST
## CSG, CRAIG SIENEMA, AND HENRY SIENEMA

41.

Plaintiffs incorporate by reference Paragraphs 1 through 40, as if fully set forth herein.

42.

Plaintiffs were owed by CSG, through Craig and Henry Sienema, a duty to properly advise on and handle their BP Deepwater Horizon claim.

43.

CSG, Craig Sienema, and Henry Sienema breached this duty by, among other things, recommending that Pensacola Stevedore opt out of the Economic Settlement Class, submitting a claim on Pensacola Stevedore's behalf while identifying that it had ***not*** opted out of the Economic Class, failing to advise Plaintiffs to revoke Pensacola Stevedore's opt-out with respect to the Economic Class, advising Plaintiffs that the Court's notice providing an opportunity to revoke an opt-out with respect to the Economic Class did not apply to Pensacola Stevedore, failing to advise Plaintiffs to file suit to preserve their BP claim, and otherwise failing to safeguard and preserve Plaintiffs' valuable BP Deepwater Horizon Claim.

44.

Plaintiffs have been damaged by CSG and Henry and Craig Sienema's breach, and as a result of it have lost BP Deepwater Horizon claim valued at more than $1,000,000.

## COUNT FIVE:  BREACH OF FIDUCIARY DUTY AGAINST
## CSG, CRAIG SIENEMA, AND HENRY SIENEMA

45.

Plaintiffs incorporate by reference Paragraphs 1 through 44, as if fully set forth herein.

46.

By virtue of Plaintiffs' relationship with CSG, Craig Sienema, and Henry Sienema, those defendants each acted as and assumed the role of fiduciary with respect to Plaintiffs and owed to Plaintiffs any and/all fiduciary duties commensurate with their roles as fiduciaries.

47.

CSG, Craig Sienema, and Henry Sienema breached their fiduciary duties to Plaintiffs by, among other things, failing to properly advise Plaintiffs with respect to and handle Plaintiffs' BP Deepwater Horizon claim, recommending that Pensacola Stevedore opt out of the Economic Class, submitting a claim on Pensacola Stevedore's behalf while identifying that it had *not* opted out of the Economic Class, failing to advise Plaintiffs to revoke Pensacola Stevedore's opt-out with respect to the Economic Class, advising Plaintiffs that the Court's notice providing an opportunity revoke an opt-out with respect to the Economic Class did not apply to Pensacola Stevedore, failing to advise Plaintiffs to file suit to preserve their BP claim, and otherwise failing to safeguard and preserve Plaintiffs' valuable BP Deepwater Horizon Claim.

48.

Plaintiffs have been damaged by CSG and Henry and Craig Sienema's breach of their fiduciary duties, and as a result of it have lost BP Deepwater Horizon claim valued at more than $1,000,000.

## JURY DEMAND

49.

Plaintiffs hereby demands a trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, having set forth their complaint, Plaintiffs request that they be awarded all available relief allowed under law, including but not limited to:

1. Specific performance and enforcement of the Settlement Program award to Pensacola Stevedore and/or specific performance and enforcement of the settlement contract between BP and Plaintiffs;

2. Compensatory damages in the amount to be determined by the trier of fact, and including the amount of any lost BP Deepwater Horizon Claim maintained by Plaintiffs;

3. All consequential damages caused by the loss of any BP Deepwater Horizon Claim by Plaintiffs;

4. Attorneys fees and costs; and,

5. All other legal and equitable relief to which Plaintiffs are entitled.

Respectfully submitted,

*/s/ H. Minor Pipes, III*
H. Minor Pipes, III, 24603
Kelsey L. Meeks, 33107
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 1800
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Facsimile: (504) 322-7520
Email: mpipes@pipesmiles.com
          kmeeks@pipesmiles.com

*Attorneys for Plaintiffs, Pensacola Stevedore Co., Inc. and William Matthew Pate*

**See following page for service information.**

***Please Prepare Summons For:***

    Peter J. Snyder, P.A.
    Through its Registered Agent:
    Mr. Peter J. Snyder
    7301-A W. Palmetto Park Road, #100A
    Boca Raton, FL 33433
    Peter Snyder
    7301-A W. Palmetto Park Road, #100A
    Boca Raton, FL 33433

    Claims Strategies Group, LLC
    Through its Registered Agent:
    Mr. John B. Gallagher, Esq.
    2631 East Oakland Park Blvd., Ste. 201
    Ft. Lauderdale, FL 33306

    Henry Sienema aka Hendrik Sienema
    Manager – Claims Strategies Group, LLC
    401 E. Las Olas Blvd., Ste. 356
    Ft. Lauderdale, FL 33301

    Craig Sienema
    Chief Executive Officer – Case Strategies Group, LLC
    600 Brickell Avenue, Suite 1900
    Miami, FL 33131

    IT Strategies Group, Inc.
    Through its Registered Agent:
    Mr. John Gallagher, Esq.
    2631 East Oakland Park Blvd, Suite 201
    Ft. Lauderdale, FL 33306