UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| | | SECTION: J(2) |
| Applies to: *All Cases in the B3 Pleading Bundle* | * * * | JUDGE BARBIER |
| | | MAG. JUDGE WILKINSON |

## PRETRIAL ORDER NO. 68 ("PTO 68")

On July 17, 2019 and August 28, 2019, this Court held status conferences to consider proposals for the future case management of the remaining cases in the B3 bundle.[1] Pursuant to the Court's August 28, 2019 Order (Rec. Doc. 25994), BP Exploration & Production Inc. and BP America Production Company (together, "BP") and certain B3 Plaintiffs (together, the "Parties") met and conferred and submitted a joint proposed case management order for the B3 bundle (Rec. Doc. 26020). The Court adopts the Parties' proposed approach as modified and set forth below.

**IT IS ORDERED** that the following shall apply to remaining and newly-filed cases in the B3 bundle.

**I. INITIAL DISCLOSURE REQUIREMENTS**

    A.    Except where specified below, no later than **90 days** after the date of this PTO 68 (the "Initial Disclosures Deadline"), each Party in a B3 action

---

[1] The "B3" pleading bundle includes all claims, of any type, relating to postexplosion clean-up efforts asserted against defendants not named in the B1 master complaint, as well as all claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010. (Pretrial Order No. 25, Rec. Doc. 983). The B3 bundle includes contract claims related to the oil spill response.

must, without awaiting a discovery request, and on a rolling basis as the information becomes available, provide the other Parties the following information and/or materials:

1. By BP to the B3 Plaintiffs:

    (a) All information, data and/or tangible materials, if any, about plaintiff in the BP medical encounters database and/or oil spill cleanup worker database;

    (b) All non-privileged information, data, and/or tangible materials concerning job duty, job assignment, safety training, badge data and/or time records, if any, in BP's possession, custody or control relating to plaintiff;

    (c) All contracts and/or agreements between BP and plaintiff or plaintiff's direct employer(s), if any, concerning oil spill response work, including but not limited to requirements, policies, invoices and procedures concerning health, safety and welfare of oil spill response workers;

    (d) The Federal On Scene Coordinator Report for the Deepwater Horizon Oil Spill (the "FOSC Report") and the United States Coast Guard's Incident Specific Preparedness Review (the "ISPR");

    (e) Operational Scientific Advisory Team ("OSAT") Reports and related documents (previously produced at BP-BELO_00001851–1926, 2366-2402, 2823-2895, 3416–3450, 4225-4355, 5637, 5930-6717);[2]

    (f) National Institute of Occupational Safety & Health ("NIOSH") Reports (previously produced at BP-BELO_00002570-2593, 2658-2670, 2916-2952, 3451-3474, 3479-3492, 3503-3792, 3832-3848);

    (g) Occupational Safety & Health Administration ("OSHA") Report (previously produced at BP-BELO_00003793-3831);

---

[2] Documents bearing bates numbers with the prefix "BP-BELO" refer to productions made in certain BELO cases.

(h) Material Safety Data Sheets ("MSDS") for Corexit 9500 (previously produced at BP-BELO_00000701-710), Corexit 9527 (previously produced at BP-BELO_00000710-720), and source and weathered crude oil (previously produced at BP-BELO_00018866-18872, 5399, 5403);

(i) Documents regarding the use of chemical dispersants during the Deepwater Horizon response, specifically the Dispersant After-Action Report (previously produced at BP-BELO_00001767-1846), Dispersant Application Requests and Approvals (previously produced at BP-BELO_00014540-15106), After Action Report, Deepwater Horizon MC252, Aerial Dispersant Response ("Dispersant After Action Report") (previously produced at BP-BELO_00001767-1846), and Dispersant Application Data Set (previously produced at BP-BELO_ 00117901-117969);

(j) Cleanup worker training modules (previously produced at BPBELO_ 00000016-152, 155-312, 3849-3851, 4356-4377, 4946-5453, 5455-5636);

(k) Personal protective equipment ("PPE" matrix") (previously produced at BP-BELO_00004113-4114) and the Declaration of David R. Dutton (MDL 2179 Rec. Doc. 7112-2) (previously produced at BPBELO_ 00006809-6840);

(l) Worker Safety White Paper (previously produced at BPBELO_ 00002896-2904);

(m) The Shoreline Cleanup Assessment Technique ("SCAT") database (previously produced at BP-BELO_00117901-117969);

(n) All other documents previously produced in BELO productions bearing bates numbers BP-BELO_00000001-117969;

(o) With respect to water, air, sediment, and other Deepwater Horizon sampling and monitoring results, BP will (i) direct plaintiffs to applicable publicly-available data sources, (ii) produce the database regarding samples (previously produced at BP-BELO_00006928- 6929) subject to the Court's April 16, 2019 Disposal Order (the "Disposal Order," Rec. Doc. 25593), and (iii) produce the same

information, where available, regarding the samples that BP is continuing to store at its Fort Collins, Colorado facility that are not subject to the Disposal Order; and

    (p)    Copies of any responsive documents received through use of plaintiff's executed Releases.

2. By the B3 Plaintiffs to BP:

    (a)    All medical records, bills, and any other documents from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to the B3 Plaintiff in the past fifteen (15) years or that the B3 Plaintiff otherwise identified in his or her Particularized Statement of Claim ("PSOC"), or other submission made pursuant to PTO 63 or PTO 66, including all medical records that support causation, that are in the possession of the B3 Plaintiffs or their counsel;

    (b)    All documents constituting, reporting, summarizing, or referring to any medical test, psychological test, psychiatric test, intelligence test, mental health test, or standardized test of any kind ever taken by or administered to the B3 Plaintiff in the past fifteen (15) years that are in the possession of the B3 Plaintiffs or their counsel;

    (c)    The completed and verified Supplemental Medical Disclosure Form, attached to this PTO 68 as **Exhibit A**; and

    (d)    The completed and signed Authorization for Release of Medical Records Information, for every health care professional identified in the Supplemental Medical Disclosure Form, in a form to be provided by BP, subject to agreement of the plaintiffs or approval of the Court.

B. The Parties shall supplement their disclosures in accordance with Federal Rule of Civil Procedure 26.

C. Within 30 days following the Initial Disclosure Deadline, the Parties shall report to the Court on each side's compliance with the initial disclosure requirements set forth in Section I.A of this PTO 68, as follows:

1. The Parties shall file a status report regarding compliance with this PTO 68 on the docket for MDL No. 10-2179. No later than five calendar days before filing the status report, counsel must serve a draft of the report by email on counsel for all parties whose cases are listed on the report. Counsel must then confer in a good faith effort to resolve any errors or discrepancies in the draft report before its submission to the Court. If disagreements about inclusion of a case cannot be resolved by counsel, the case must be listed in the report. The report submitted to the Court must contain:

   (a) A caption that includes the "Applies to All Cases in the Pleading Bundle B3" designation;

   (b) A list of those cases, by civil action number, the party's name, and attorney, in which the parties have provided no disclosures;

   (c) A list of those cases, by civil action number, party's name, and attorney, in which the parties have provided deficient or incomplete disclosures, with a parenthetical listing examples of the reasons that these disclosures are deficient; and

   (d) A list of those cases, if any, in which the parties have failed to provide full and complete disclosures after having been ordered to do so as provided below.

2. A copy of each status report must be served on counsel for the listed party. Service via email shall be sufficient.

3. Any Party who fails to comply with this PTO 68 as set forth above will be required by a subsequently issued court order to appear in

person, with their counsel, on a fixed date before Judge Barbier to show cause why they have failed to comply.

## II. IDENTIFICATION AND RESOLUTION OF GLOBAL LEGAL ISSUES

A. By no later than **November 8, 2019**, the B3 Plaintiffs will provide the Court with their positions on fault and the availability of punitive damages for the claims asserted.

B. By no later than **November 8, 2019**, BP will provide the Court with its position on fault and the availability of punitive damages for the claims asserted.

C. The Court may set a briefing schedule for any unresolved issues identified above, contemporaneous with the other ongoing deadlines in this PTO 68.

## III. OTHER PROVISIONS

A. **Status Hearing.** The Court will hold a status hearing regarding the B3 cases on **Friday, December 6, 2019 at 9:30 a.m.** At the status hearing, the Parties will report on the status of their compliance with this PTO 68 and may discuss any proposals for future management of the B3 bundle.

B. **Subpoenas**. The Parties shall be allowed to issue subpoenas and make other requests for information on appropriate topics, such as requests under the Freedom of Information Act, for documents from third parties or non-BP defendants, provided that any Party or third party that is

subject to the subpoena may object to such subpoenas on scope or other grounds.

C. **Compliance of Future B3 Claimants.** Any B3 Plaintiff filing claims after the date of this PTO 68 must comply fully with the requirements of: PTO 63 (Rec. Doc. 22295), PTO 66 (Rec. Doc. 24282), this PTO 68, and all other applicable rules and orders of the Court. Compliance with PTO 63 and PTO 66 is required within 30 days of the date the claim is filed. Compliance with PTO 68 is required within 90 days of the date the claim is filed.

D. **B3 Cases Remain Stayed.** Except as provided herein or otherwise ordered by the Court, cases in the B3 bundle remain stayed at this time.

E. **Modifications of this PTO for Good Cause Shown**. Any Party may seek leave from this Court to modify this PTO 68 for good cause shown.

New Orleans, Louisiana, this 21st day of October, 2019.

_____
United States District Judge

**Note to Clerk: Enter this Order in the MDL 2179 master docket <u>and</u> in the individual docket of any cases that are consolidated with MDL 2179 <u>after</u> the issuance of this PTO 68.**

**EXHIBIT A TO PRETRIAL ORDER NO. 68 (B3 Bundle)**

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

**SUPPLEMENTAL MEDICAL DISCLOSURE FORM**

**PLAINTIFF'S FULL NAME:** _____

**CASE NO.:** _____

**A.   INFORMATION ABOUT THE B3 PLAINTIFF'S MEDICAL CONDITION**

1.   Please complete the table below by identifying:

   i.   the specific medical condition(s) that the B3 Plaintiff contends resulted from exposure to oil and/or chemical dispersants during the *Deepwater Horizon* spill;

   ii.  for each such condition, the date the B3 Plaintiff first experienced symptoms relating to the condition;

   iii. the date on which the B3 Plaintiff first sought medical treatment for each condition;

   iv.  the date on which each condition was first diagnosed; and

   v.   the doctor(s) or other healthcare providers who first diagnosed the condition.

| Medical Condition | Date of First Symptoms | Date First Sought Treatment | Date of First Diagnosis | Diagnosing Doctor / Health Care Provider |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

\*   *If the space provided above does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.*

2.     Does the medical condition and/or injury persist today?

    Yes _____ No _____

    *If "Yes"*:

    i.     Does the B3 Plaintiff still receive treatment?     Yes \_\_\_\_\_     No \_\_\_\_\_

    ii.     *If "Yes"*: From whom? _____

## ATTORNEY CERTIFICATION

By signing below, I declare and attest that I am fully authorized to submit this Supplemental Medical Information Form on behalf of the B3 Plaintiff identified above, and that the answers provided to the above questions are true, correct, and complete. I acknowledge and agree that the responses and information provided herein are binding on the B3 Plaintiff and shall be treated as the equivalent of interrogatory answers under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and other applicable rules and orders of this Court.

I acknowledge and agree that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Date: _____, 20__

Location (City and State): _____

_____
Signature of B3 Plaintiff's Counsel or B3 Plaintiff